**IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION**

**RAVYN LAMAR**, *Individually, and on behalf of herself and other similarly situated current and former employees*,

Plaintiffs,

v.                                                                                          NO. _____

**REHABILITATION CENTERS, LLC,**                     **FLSA Opt-In Collective Action**
*d/b/a Millcreek of Magee,*
*Millcreek of Magee Treatment Center,*                  **JURY DEMANDED**
*and Millcreek Behavioral Health,*
*a Mississippi Limited Liability Company,*
and **ACADIA HEALTHCARE COMPANY, INC.,**
*a Delaware Corporation,*

Defendants.

**ORIGINAL COLLECTIVE ACTION COMPLAINT**

Named Plaintiff, Ravyn Lamar ("Plaintiff"), individually, and on behalf of herself and all other similarly situated non-exempt hourly-paid Behavioral Health Associates/Direct Care Workers ("BHAs") as a class, brings this Fair Labor Standards Act ("FLSA") collective action against Rehabilitation Centers, LLC and Acadia Healthcare Company, Inc., ("Defendants") and shows as follows:

**I.     NATURE OF SUIT**

1.   This lawsuit is brought against Defendants as a collective action under the FLSA, 29 U.S.C. § 201, *et seq.*, to recover unpaid overtime compensation and other damages owed to Plaintiff and other similarly situated hourly-paid BHAs, as defined herein.

2.   During all times material, Defendants violated the FLSA by failing to pay Plaintiff and those similarly situated for all hours worked over forty (40) per week within weekly pay

1

periods at one and one-half their regular hourly rate of pay, as required by the FLSA.

3. Plaintiff brings this action as a collective action pursuant to 29 U.S.C. § 216(b).

## II. PARTIES

4. Plaintiff Ravyn Lamar was employed by Defendants as a non-exempt hourly-paid Behavioral Health Associate/Direct Care Worker in Olive Branch, Mississippi at all times material to this collective action. Ms. Lamar's consent to join form is attached as *Exhibit A*.

5. Defendant Rehabilitation Centers, LLC, is a Mississippi Limited Liability Company authorized to do business, and is currently doing business, in the State of Mississippi with its principal place of business being located at 6100 Tower Circle, Suite 1000, Franklin, Tennessee 37067. Rehabilitation Centers, LLC does business as Millcreek of Magee, Millcreek of Magee Treatment Center, Millcreek Behavioral Health and is otherwise known as "Millcreek." Rehabilitation Centers, LLC ("Millcreek") is wholly owned and operated by Defendant Acadia Healthcare Company, Inc. According to the Mississippi Secretary of State, Millcreek's lone member and officer is Acadia Healthcare Company, Inc. Generally, Millcreek provides behavioral health services, including but not limited to, residential treatment, group programs and home-based services for emotionally disturbed and developmentally delayed children and adolescents and is the largest provider of said services in Mississippi. Millcreek was acquired by Acadia Healthcare Company, Inc. in April of 2011. Millcreek's registered agent for service of process is CT Corporation System, 645 Lakeland East Drive, Suite 101, Flowood, Mississippi 39232.

6. Defendant Acadia Healthcare Company, Inc. is a Delaware Corporation with its

principal address being 6100 Tower Circle, Suite 100, Franklin, Tennessee 37067-1509. Acadia Healthcare Company, Inc. ("Acadia") owns and operates behavioral health treatment facilities and programs throughout the United States that specialize in treating children, adolescents, adults and seniors suffering from mental health disorders and/or alcohol and drug addiction. Millcreek is Acadia's adolescent treatment entity in Mississippi. Acadia's registered agent for service of process is CT Corporation System, 300 Montvue Road, Knoxville, Tennessee 37919-5546.

### III. JURISDICTION AND VENUE

7. This Court has jurisdiction over this lawsuit because the suit arises under 29 U.S.C. § 201 *et seq.*

8. Venue is proper in this district under 28 U.S.C. § 1391(b)(2) because Defendant Acadia is headquartered and does business in this district and both Defendants' principal places of business are in this district and have been during all times material to this action.

### IV. CLASS DESCRIPTION

9. Plaintiff brings this action on behalf of herself and the following similarly situated persons as a class:

> All current and former hourly-paid Behavioral Health Associates/Direct Care Workers of Defendants during the applicable limitation's period (*i.e.* two (2) years for FLSA violations and three (3) years for willful FLSA violations) up to and including the date of final judgment in this matter including the Named Plaintiff and those who elect to opt-in to this action pursuant to the FLSA, 29 U.S.C. *§* 216(b). (Collectively, "the class").[1]

### V. COVERAGE

10. At all times hereinafter mentioned, Defendants have been an "employer" within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

---

[1] Plaintiff reserves the right to amend the Class Description.

11. At all times hereinafter mentioned, Defendants have been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

12. At all times hereinafter mentioned, Defendants have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), because Defendants have had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

13. Throughout the statutory recovery period applicable to this action, Defendants knew the law required that the employees who worked for them to be paid overtime for each hour they worked over forty (40) in any given workweek.

14. At all times material to this action, Plaintiff and those similarly situated, as employees of Defendants, were engaged in commerce during all times material to this collective action.

15. At all times material to this action, Defendants have been an "employer" of Plaintiff and those similarly situated, as that term is defined by §203(d) of the FLSA.

16. At all times hereinafter mentioned, Plaintiff and those similarly situated were "employees" of Defendants as that term is defined in the FLSA and, individual employees engaged in commerce or in the production of goods for commerce, as required by 29 U.S.C. §§ 206–207.

## VI. FACTUAL ALLEGATIONS

17. Defendants provide residential treatment, group programs and home-based behavioral health and educational services for children and adolescents throughout Mississippi, consisting of treatment facilities and/or programs in Collins, Grenada, Jackson, Long Beach, Picayune, Moss Point, Port Gibson, Tupelo and Olive Branch, Mississippi as well as other such treatment facilities and programs in other states throughout the United States under the Acadia umbrella.

18. Plaintiff Lamar was employed by and worked for Defendants as a Behavioral Health Associate/Direct Care Worker at Defendants' treatment center in Olive Branch, Mississippi during all times material to this action.

19. Defendants established and administered the pay practices for Plaintiff and other similarly situated BHAs during the three (3) years preceding the filing of this collective action.

20. Plaintiff and other similarly situated BHAs worked in excess of forty (40) hours per within weekly pay periods during the three (3) years preceding the filing of this collective action complaint.

21. At all times material, Defendants had a centralized time keeping system for the purpose of recording the hours worked by Plaintiff and those similarly situated which system involved a "phoning-in" and "phoning-out" process on Defendants' phones.

22. Defendants had a common plan, policy and practice of refusing to pay Plaintiff and class members for the time they transported patients in company vans between Defendants' facilities, such as from their day care center to their group home.

23. Plaintiff and class members transported patients from one company facility to another

company facility in Defendants' vans, sometimes consisting of forty five (45) minutes or more, within weekly pay periods during all times material, without being compensated for such "off-the clock" work at the applicable FLSA overtime rates of pay.

24. Defendants also had a common plan, policy and practice of requiring, inducing, expecting and/or, suffering and permitting, BHAs to perform work prior to and in preparation for their scheduled shifts, such as outlining lessons for patients, checking notes relating to the day's activities for patients, interacting with other BHAs about the status of patients and discussing any significant events or activities during preceding shifts, etc., before being allowed to phone-in at their shift start time.

25. Plaintiff and class members did perform such "off-the-clock" work prior to being allowed to "phone-in" their shift start times within weekly pay periods during all times material without being compensated at the applicable FLSA overtime rates of pay for such work times.

26. Defendants failed to "edit-in" the aforementioned "off-the-clock" work times of Plaintiff and class members into their time keeping system or, otherwise compensate them for such unpaid "clocked-out" work at the applicable FLSA overtime rates of pay within weekly pay periods during all times material to this collective action.

27. Defendants did not have a plan, policy or practice that prohibited Plaintiff and class members from performing the aforementioned "off-the-clock" work.

28. Defendants did not provide Plaintiff and class members with some type of log or document on which to record the aforementioned "off-the-clock" work or some other means to record such work in to Defendants' time keeping system.

29. Defendants were aware they were not compensating Plaintiff and class members at the

applicable FLSA overtime rates of pay for such "off-the-clock" work times within weekly pay periods at all times material.

30. The aforementioned unpaid "off-the-clock" claims of Plaintiff and class members are unified through a common theory of Defendants' FLSA violations.

31. Defendants' common plan, policy and practice of not compensating Plaintiff and class members for all their compensable overtime hours at the applicable FLSA overtime rates of pay violated the provisions of the FLSA, 29 U.S.C. § 207(a)(1).

32. Defendants' failure to compensate Plaintiff and class members for their aforementioned "off-the-clock" work times was willful and without a good faith basis.

33. As a result of Defendants' lack of good faith and willful failure to pay Plaintiff and class members in compliance with the requirements of the FLSA, Plaintiff and class members have suffered lost wages in terms of lost overtime compensation as well as other damages.

34. The net effect of Defendants' common plan, policy, and practice of practice of failing to pay Plaintiff and those similarly situated one-and one-half times their regular hourly rates of pay for all hours worked over forty (40) during all times material to this collective action, is that they unjustly enriched themselves and enjoyed ill-gained profits at the expense of Plaintiff and class members.

## VII. FLSA COLLECTIVE ACTION ALLEGATIONS

35. Plaintiff brings this case as a collective action on behalf herself and other similarly situated Behavioral Health Associates/Direct Care Workers pursuant to 29 U.S.C. § 216(b) to recover unpaid overtime compensation, liquidated damages, statutory penalties, attorneys' fees and costs, and other damages owed.

36. Plaintiff seeks to pursue her aforementioned unpaid overtime wage claims against Defendants on behalf of herself, individually, and on behalf of herself and all other similarly situated Behavioral Health Associates/Direct Care Workers as a class.

37. Plaintiff and class members are "similarly situated" as the term is defined in 29 U.S.C. §216(b) because, *inter alia*, Defendants employed a common pay system that resulted in a failure to pay Plaintiff and class members for all hours worked over forty (40) at one and one-half times their regular hourly rates of pay, as required by the FLSA.

38. This action is properly maintained as a collective action because Plaintiff is similarly situated to the members of the collective class with respect to Defendants' time keeping, pay practices and compensation plans, policies and practices.

39. This action also is properly maintained as a collective action under the FLSA because the aforementioned unpaid "off-the-clock" claims are unified through a common theory of Defendants' violations of the FLSA.

40. The collective action mechanism is superior to other available methods for a fair and efficient adjudication of this controversy. Defendants have acted or refused to act on grounds generally applicable to class members. The prosecution of separate actions could create a risk of inconsistent and varying adjudications, place a substantial and unnecessary burden on the courts and/or substantially impair the ability of class members to protect their interests.

41. Plaintiff will fairly and adequately protect the interests of the class as her interests are in complete alignment with those of class members, i.e. to pursue their aforementioned unpaid overtime compensation claims.

42. Counsel for Plaintiff will adequately protect her interests as well as the interests of all

putative class members.

43. Defendants knew Plaintiff and class members performed the aforementioned unpaid "off-the-clock" work that resulted in excess of forty (40) hours per week within weekly pay periods which required overtime compensation to be paid as required by the FLSA. Nonetheless, Defendants operated under a common policy and practice to deprive Plaintiff and class members of such overtime compensation.

44. Defendants' conduct, as alleged herein, was willful with reckless disregard to the FLSA overtime requirements, which conduct caused significant damage to Plaintiff and the collective class.

45. Defendants did not have a good faith basis for its failure to compensate Plaintiff and class members for all their compensable overtime hours at the FLSA applicable overtime rates of pay within weekly pay periods during all times material to this action.

46. Therefore, Defendants are liable to Plaintiff and class members under the FLSA for failing to properly compensate them for their aforementioned unpaid overtime work times.

47. Plaintiff requests this Court to authorize notice to the members of the collective class to inform them of the pendency of this action and their right to "opt-in" to this lawsuit pursuant to 29 U.S.C. § 216(b), for the purpose of seeking unpaid overtime compensation as well as liquidated damages under the FLSA, and the other relief requested herein.

48. Plaintiff estimates there are over one hundred (100) putative members of the collective class. The precise number of collective class members can be easily ascertained by examining Defendants' payroll, scheduling, timekeeping, personnel and other work-

related records and documents.

49. Given the composition and size of the class, members of the collective class may be informed of the pendency of this action directly via U.S. mail, e-mail and by posting notice in all of Defendants' facilities.

50. Plaintiff and class members' unpaid overtime compensation claims may be determined partially by an examination of Defendants' payroll, scheduling, time keeping, personnel and other such work-related records and documents.

## COUNT I
### (Violation of the Fair Labor Standards Act)

51. Plaintiff incorporates by reference all preceding paragraphs as fully as if written herein.

52. At all times material, Plaintiff and class members have been entitled to the rights, protections, and benefits provided under 29 U.S.C. § 201, *et seq*.

53. Defendants have been an "employer" engaged in interstate commerce consistent with 29 U.S.C. § 206(a) and 207(a). Plaintiff and class members also have engaged in interstate commerce during all times material to this action.

54. At all times material, Defendants were an "employer" of Plaintiff and each of the class members, as such term is defined by the FLSA.

55. Plaintiff and class members were "employees" of Defendants within the meaning of the FLSA's overtime wage requirements.

56. Plaintiff and other class members have been similarly situated individuals within the meaning of the FLSA, 29 U.S.C. § 216(b) at all relevant times, as previously described.

57. As a result of the aforementioned unpaid "off-the-clock" work times of Plaintiff and class members Defendants have violated the FLSA and is liable to Plaintiff and the class for such unpaid overtime compensation.

58. Section 207(a)(1) of the FLSA states that an employee must be paid overtime, equal to at least one and one-half (1.5) times the employee's regular rate of pay, for all hours worked in excess of forty (40) hours per week. Pursuant to 29 C.F.R. § 778.315, compensation for hours worked in excess of forty (40) hours per week may not be considered paid to an employee unless that employee is compensated for all such overtime hours worked.

59. Through their actions, plans, policies and practices Defendants violated the FLSA by regularly and repeatedly failing to compensate Plaintiff and class members for all hours worked in excess of forty (40) per week at one and-one half times their regular hourly rates of pay within weekly pay periods during all times material to this Complaint, as required by the FLSA.

60. Defendants' actions were willful with reckless disregard of clearly applicable FLSA provisions.

61. Defendants' actions were not in good faith.

62. The unpaid overtime claims of Plaintiff and the class are unified through a common theory of Defendants' FLSA violations.

63. As a direct and proximate cause of Defendants' unlawful conduct, Plaintiff and class members have suffered and will continue to suffer a loss of income and other damages.

64. Therefore, Defendants are liable to Plaintiff and other members of the class for actual damages, liquidated damages and equitable relief, pursuant to 29 U.S.C. § 216(b), as well as reasonable attorneys' fees, costs and expenses.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff and class members request the Court to enter judgment in their favor on this Complaint and:

a) Award Plaintiff and class members FLSA statutory damages against Defendants;

b) Award Plaintiff and class members all unpaid overtime compensation against Defendants;

c) Award Plaintiff and class members for an amount equal to their unpaid overtime compensation, pursuant to the applicable FLSA wage and overtime rates;

d) Find and declare that Defendants' violations of the FLSA were willful, and accordingly, the three (3) year statute of limitations under the FLSA applies to this action;

e) Award Plaintiff and class members liquidated damages in accordance with the FLSA;

f) Award prejudgment interest (to the extent that liquidated damages are not awarded);

g) Award Plaintiff and the class members reasonable attorneys' fees and all costs of this action, to be paid by Defendants, in accordance with the FLSA;

h) Award post-judgment interest and court costs as allowed by law;

i) Enter an Order designating this action as an opt-in collective action under the FLSA;

j) Enter an Order directing the issuance of notice to putative class members pursuant to 29 U.S.C. § 216(b) for the claims of the class;

k) Allow Plaintiff to amend his Complaint, if necessary, as new facts are discovered;

l) Provide additional general and equitable relief to which Plaintiff and class members may be entitled; and

m) Provide further relief as the Court deems just and equitable.

Plaintiff hereby demands a **TRIAL BY JURY** as to all issues.

Dated: February 12, 2020.    Respectfully Submitted,

*s/Gordon E. Jackson*
Gordon E. Jackson (TN BPR #8323)
J. Russ Bryant (TN BPR #33830)
Robert E. Turner, IV (TN BPR #35364)
Nathaniel A. Bishop (TN BPR #35944)
**JACKSON, SHIELDS, YEISER, HOLT, OWEN & BRYANT**
Attorneys at Law
262 German Oak Drive
Memphis, Tennessee 38018
Telephone: (901) 754-8001
Facsimile: (901) 754-8524
*gjackson@jsyc.com*
*rbryant@jsyc.com*
*rturner@jsyc.com*
*nbishop@jsyc.com*

***ATTORNEYS FOR PLAINTIFF AND FOR OTHERS SIMILARLY SITUATED***